Mr. Justice Richardson
delivered the opinion of the court.
The question made in this case is when a count sets forth a libel, not by the tenor, which word presupposes a correct copy of the libel, but merely by the substance, whether such substance, i. e. the sense and meaning of the libel, must not be still set forth and exhibited in the very *249 Words, i. e. in correct verbal extracts taken from the body t>f the libel itself, or may it he done in any other synonimous language, which,- although differing in words, yet preserves the senSe and meaning of the libel.
Gregg, for the motion.
Jeter, Sol. contra.
I am much inclined to the opinion that whether the libel be set forth according to the tenor or the substance, still the libellous matter must be made to appear from, the very words of the libel ; for if these do not appear, how could the defendant take the judgment of the court, whether the words he had written or published constituted a libel or not; and how could he plead a former acquittal in law', of a second prosecution ? (See 3 Barn. &c. Auld. Wrights vs. Clement, 503. Starkie 304, 234, 319. 1 Chitty, Crim. Law, 234, 169, 173. 1 Doug. 193. )
But as it is unnecessary, no final opinion is given upon that question.
The libel must be set forth, if not literally, at least by intelligible language, showing the sense and meaning of the libellous matter. But what sense similar to that expressed in the plain libel, “ worse than the lowest vagabonds, &c.” can be found in the words, “ worse that the lowest vagabonds?” Iri the latter sentence, we have merely an unmeaning collocation of words in the place of a very intelligible and libellous charge.
The libel therefore being set forth neither literally in its own words, nor substantially by its sense, a new trial-is granted.
Justices Colcock and Nott, concurred.